# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD W. TERRELL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv–0452−MJR |
| PHIL MARTIN, SLICHENMYER, and HEAP | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Donald Terrell, an inmate in Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

On April 10, 2017, Plaintiff received notice from the State of Illinois Health Services Administration advising him that his medical information was released for use in a proposal. (Doc. 1, p. 5). The letter further advised him that the information was compromised and deleted. *Id.* It was signed by Phil Martin, the Health Care Administrator. *Id.* Plaintiff alleges that Slichenmyer and Heap also have access to his medical records. *Id.* Plaintiff has HIV/AIDS and does not want his medical information disclosed. *Id.* He discussed this incident with the defendants but they told him that he had no rights in this situation, and that they had the authority to release his medical records without his consent. (Doc. 1, pp. 4-5).

Plaintiff alleges that he filed a grievance on this incident. (Doc. 1, p. 4). The grievance is "still pending final disposition." *Id.*

## Discussion

The Court will not analyze the substance of Plaintiff's Complaint at this time because it is apparent from the Complaint itself that he has not exhausted his administrative remedies prior to filing suit. The Seventh Circuit has been clear that the proper step in that situation is to dismiss

2

the case without prejudice, even if a plaintiff exhausts his remedies while the suit is pending. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The purpose of this requirement is to "keep the courthouse door closed" while the administrative process runs its course in order not to undercut the administrative process. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Failure to exhaust is an affirmative defense, and while typically the issue is one for defendants to raise, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thomspon*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *see also Franklin v. McCaughtry*, 110 F. App'x 715, 718 (7th Cir. 2004). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

The Prison Litigation Reform Act ("PLRA") governs suits by prisoners. 42 U.S.C § 1997e. A prisoner is required to exhaust his remedies prior to filing suit. 42 U.S.C. § 1997e(a). The exhaustion requirement is dependent upon the procedures established by the State in which the prison is located. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Unexhausted claims may not be brought to court, *Id.* at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), and "unless a prisoner completes the administrative process by following the rules the State has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates confined in the IDOC must adhere to the Department's Grievance Procedures for Offenders in order to properly exhaust claims; anything less is a failure to exhaust. 20 Ill. Adm. Code § 504.810. Prisoners must first speak with their counselor about the issues they raise, and if the dispute is not resolved, a formal grievance must be filed within 60 days of the events or

3

occurrence with the grievance officer. 20 Ill. Adm. Code § 504.810(a). The grievance officer must then review the grievance and report findings and recommendations to the Chief Administrative Officer ("CAO"). 20 Ill. Adm. Code § 504.830(d). The prisoner then has the opportunity to review the CAO's response, and if unsatisfied, may appeal to the Director through the ARB within 30 days of the Warden's response. 20 Ill. Adm. Code § 504.830(d); 20 Ill. Adm. Code § 504.850. The ARB is then required to provide a written report to the Director of its recommendation on the grievance and the Director "shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." 20 Ill. Admin. Code § 504.850(e), (f).

Here Plaintiff's Complaint affirmatively and explicitly states that that while he filed a grievance, the grievance was still pending at the time he filed suit. (Doc. 1, p. 4). The Court also notes that Plaintiff filed suit a mere 3 weeks after the events at issue, which is typically not enough time for a non-emergency grievance to have completed the grievance process. Based on Plaintiff's explicit statement that the grievance process has not yet resolved itself, the Court finds it appropriate to dismiss this case without prejudice at this time. When Plaintiff completes the grievance process, he may file a new suit raising these issues. *Ford*, 362 F.3d at 401.

## Pending Motions

As this case will be dismissed without prejudice for failure to exhaust administrative remedies, Plaintiff's pending motions will be denied as moot. (Doc. 3) (Doc. 4). Should Plaintiff exhaust his remedies and file a new suit, he may bring his motions again.

## Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies. This case shall be closed and judgment entered. Should Plaintiff exhaust his remedies, he may file a new suit raising these issues. Plaintiff's pending motions are **DENIED** as **MOOT**. (Doc. 3) (Doc. 4).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: May 25, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**